This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                          **NO. 33,611**

**BLANE SCENTERS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert J. Mitchell, Jr., District Judge**

Hector H. Balderas, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellant

D. Eric Hannum
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

**{1}** The State of New Mexico appeals from the district court's order granting Defendant Blane Scenters' motion to exclude certain ballistics evidence. The State argues on appeal that the district court abused its discretion by prohibiting a State expert from testifying at a hearing on Defendant's motion *in limine* to address the proposed ballistics evidence under the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *State v. Alberico*, 1993-NMSC-047, 116 N.M. 156, 861 P.2d 192. We affirm.

**BACKGROUND**

**{2}** Defendant was charged with shooting at a dwelling or occupied building, criminal damage to property over $1000, and negligent use of a deadly weapon. He entered a plea of not guilty. The State included on its witness list Kevin Streine, a firearms analyst. On January 23, 2013, Defendant filed a motion *in limine* to preclude or limit Streine's testimony as to any opinion on whether the bullet recovered from the scene of the incident matched a rifle obtained from Defendant based on the reliability standards of *Daubert* and *Alberico*.

**{3}** The district court held a brief hearing on the motion on January 29, 2013. At that hearing, the court determined that a subsequent *Daubert* hearing was necessary. The court gave the parties three weeks to identify their expert witnesses for the hearing. It wanted the witness lists so that it could know the length of time necessary

for the *Daubert* hearing. The court stated that it would set the case for a status conference in thirty days.

{4} The court held a status conference on March 5, 2013. The State informed the court that it intended to call only one witness, Streine. Defense counsel stated: "With just Mr. Streine, I'm not sure we're going to call an expert. I have contacted one."

{5} On March 7, 2013, the court entered an order reflecting its orders at the January 29, 2013 status conference, restricting the State's expert testimony and requiring the State to file a list of expert witnesses that the State intended to testify at the *Daubert* hearing by February 28, 2013. The court stated that it would schedule the *Daubert* hearing after the expert witness lists were filed. On March 11, 2013, the court entered a scheduling order, setting the *Daubert* hearing for July 16, 2013. It recited in the order that "[t]he State has identified Kevin Streine as the only expert who will testify at the *Daubert* hearing." It established deadlines for the taking of Streine's deposition, Defendant's identification of an expert, and the deposition of Defendant's expert.

{6} On June 6, 2013, the State filed a Notice of Intent to Call Witnesses for *Daubert* Hearing. It gave notice that it intended to call, not only Streine, but also Katharina Babcock, who, like Streine, worked at the State of New Mexico Department of Public Safety Forensic Laboratories. The district court addressed the notice at the June 18, 2013 status conference, expressing its concern that the State had identified Streine as

3

its only expert and then added Babcock without approval and that the additional witness may affect the defense's preparation for the *Daubert* hearing. Defense counsel stated that the defense had concluded that Streine would be unable "to get the job done" and had therefore decided not to call an expert witness. The district court set a schedule for Defendant to file a motion and shortened the response period because it was concerned about meeting a July-hearing schedule.

{7}     Defendant filed a Motion to Exclude Witness Testimony, requesting that the testimony of Katharina Babcock be excluded from the *Daubert* hearing because of the State's untimely disclosure of her as a witness. The district court held a hearing on the motion on July 3, 2013. It issued its ruling at the *Daubert* hearing on July 16, 2013, excluding the testimony. It stated:

> Realistically, looking at my docket, in January, early March, I was making it clear to folks that to find a full day to do the *Daubert* hearing, we were into July. To find a full day to continue this to, we're into October. I'm very concerned about running into the speedy trial issues.

The court entered its order excluding the ballistics evidence on February 10, 2014. The State appeals from that order.

**EXCLUSION OF BABCOCK TESTIMONY**

{8}     On appeal, the State argues that the district court abused its discretion by excluding Babcock's testimony. The State characterizes the district court's ruling as imposing a sanction upon it for violating the district court's scheduling deadlines. It

4

acknowledges that we review such rulings for abuse of discretion if there has been prejudice to the opposing party. *State v. Harper*, 2011-NMSC-044, ¶ 16, 150 N.M. 745, 266 P.3d 25. The State argues that it did not violate a ruling that would justify exclusion of a witness and that, even if it did, there was no prejudice that would support the district court's ruling.

**Violation of Order**

{9}     As to the nature of the order, the State argues that, although the district court ordered the parties to submit a list of experts, it did not expressly prohibit the parties from naming additional experts. According to the State, the prosecutor only "did something that the order neither permitted nor prohibited" and thus "[i]t was unreasonable for the court to act as if the order said something it did not say."

{10}     While the district court did not expressly state, as the State argues, that "[n]o witnesses shall be permitted to testify at the July 16 hearing other than those disclosed in writing by February 28[,]" such a reading of the district court's March 7, 2013 order could reasonably be implied. At the January 29, 2013 status conference, the court had clearly stated that its scheduling of the *Daubert* hearing depended upon the number of expert witnesses who would testify at the hearing. At the March 5, 2013 status conference, the State informed the court that it only intended to call one expert witness, Streine, and defense counsel stated that, on that basis, it did not intend to call

5

a witness. Apparently relying on the State's identifying only a single witness, the court entered its scheduling order on March 11, 2013, setting a single day for trial, July 16, 2013, as well as deadlines for Defendant to take Streine's deposition and identify defense expert witnesses.

{11} The district court's actions indicated that it relied upon the State's identification of only a single expert witness in setting the one-day *Daubert* hearing and setting discovery based on the single expert witness. These actions gave rise to the reasonable expectations on the part of both the court and Defendant that the hearing could proceed as scheduled only upon the conditions recited in the court's March 11, 2013 scheduling order. *See* Rule 5-603 NMRA (providing that a pretrial order entered by the court and which recites the agreement of the parties "shall control the subsequent course of the proceedings, unless thereafter modified").

{12} The State contends that the prosecutor had only assumed responsibility for the case in October 2012 and first learned of Babcock's activity in April 2013. On this basis, the State takes the position that the prosecutor properly could have filed an amended expert witness list. However, the prosecutor participated in the January 29, 2013 and March 5, 2013 status conferences, and, with his participation in the case since October 2012, was aware of the court's scheduling issues, even if he did not act with an improper motive. By virtue of the court's oral and written orders, the

prosecutor should have filed a motion if it was necessary to amend the expert witness list.

{13} The State additionally faults the district court for the length of time, thirteen months, between the date of the *Daubert* hearing and the court's order deciding the motion *in limine*. We do not condone such a lengthy period to decide the motion. *See* Rule 5-601(F) NMRA ("All motions shall be disposed of within a reasonable time after filing."). Nevertheless, that time frame is not dispositive. The court was faced with a speedy trial issue in setting the case for trial, and, as a matter of case management, wanted to set the *Daubert* hearing within a time frame necessary to meet speedy trial considerations. After the *Daubert* hearing, we assume that the court understood the manner in which it intended to rule on the motion *in limine*. *Cf. State v. Deutsch*, 1985-NMCA-123, ¶ 18, 103 N.M. 752, 713 P.2d 1008 ("Remedies for violation of discovery rules or orders are discretionary with the trial court"). For the above stated reasons, the State's late disclosure violated the district court's order concerning the identification of expert witnesses.

**Prejudice**

{14} As to prejudice, the State asserts that the defense neither alleged nor demonstrated prejudice. The State points out that it filed its intent to call Babcock as an expert witness forty days before the scheduled *Daubert* hearing, that Babcock's

name had been disclosed to the defense by way of its inclusion in the affidavit seeking an arrest warrant, and that defense counsel had consulted with an expert in Babcock's field. We do not agree.

{15} Although not determinative, Defendant did allege prejudice in his Motion to Exclude Witness Testimony, stating that the failure to grant the motion "will deny [D]efendant his right to confront witnesses, due process of law, fair trial, and speedy trial[.]" More importantly, the district court was expressly concerned with Defendant's speedy trial right. At the hearing on Defendant's motion on July 3, 2013, after noting that its previous statements of concern about finding a full day for the *Daubert* hearing that required the hearing in July, the court stated that a continuance would require an October hearing. It clearly reflected, "I'm very concerned about running into the speedy trial issues." Speedy trial issues raise concerns of prejudice to a defendant. *See State v. Garza*, 2009-NMSC-038, ¶ 12, 146 N.M. 499, 212 P.3d 387 ("The heart of the right to a speedy trial is preventing prejudice to the accused."). The court could not hold the *Daubert* hearing until October 2013, even though the State identified Babcock as an expert witness forty days before the scheduled date for the *Daubert* hearing in July.

{16} Moreover, the circumstances demonstrate that defense counsel had relied on the State's representations that Streine would be its only witness in determining that they

8

would not call a defense expert witness. The court's March 11, 2013 scheduling order required Defendant to take Streine's deposition by early April 2013 and to identify any defense expert witness within fourteen days of the deposition. The court, in ruling on the motion *in limine*, had completed its preparation for the *Daubert* hearing by June 6, 2013. The State's identification of Babcock also necessarily required additional time to depose Babcock as well as additional time for the defense to determine if it then intended to call an expert witness. This additional time was part of the court's speedy trial concern. *Cf. Harper*, 2011-NMSC-044, ¶ 16 ("A court has the discretion to impose sanctions for the violation of a discovery order that results in prejudice to the opposing party.").

**CONCLUSION**

{**17**}     The district court did not abuse its discretion in excluding Babcock's testimony. We affirm the district court's order.

{**18**}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

9

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**J. MILES HANISEE, Judge**